# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT JOHN MARTINEZ, | Case No. 1:17-cv-00319-JLT (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE/INABILITY TO STATE A CLAIM** |
| v. | |
| Dr. TOOR, et al., | **(Doc. 9)** |
| Defendants. | **21-DAY DEADLINE** |
| | **CLERK TO ASSIGN A DISTRICT JUDGE** |

**I.    Findings**

    **A.    Procedural History**

Plaintiff seeks to proceed in this action on claims of deliberate indifference to his serious medical needs. Plaintiff filed the Complaint in this action on March 6, 2017. (Doc. 1.) The Court screened it and dismissed it with leave to amend. (Doc. 6.) Plaintiff subsequently filed the First Amended Complaint, which is before the Court for screening. (Doc. 9.) However, despite receiving the applicable standards, Plaintiff fails to state a cognizable Eighth Amendment claim against Dr. Toor, Dr. Ghotra, or Dr. Luga for deliberate indifference to his serious medical needs, such that this action should be DISMISSED.

    **B.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**C.** **Summary of the First Amended Complaint**

Plaintiff names K. Toor, MD; H Ghotra, DDS; and R. Luga, DDS as the defendants in this action and seeks monetary damages. As indicated above, Plaintiff now lists a chronology of dental and medical events that took place between March 6, 2015 and May 11, 2016. (Doc. 9, pp. 5-11.) The events in the FAC began when Plaintiff had an infected tooth and presented to Dr. Ghotra in pain. Dr. Ghotra took an x-ray and told Plaintiff nothing was wrong. Plaintiff's pain persisted and he thereafter saw Dr. Luga who told him that Dr. Ghotra misread the x-rays and that Plaintiff needed a root canal or the tooth pulled. Dr. Luga gave Plaintiff prescribed amoxicillin

2

and clindamycin, which killed the good bacteria in Plaintiff's stomach. The offending tooth was eventually pulled, but thereafter Plaintiff sustained various infections, treatments, and gastrointestinal issues, which Dr. Toor was involved in treating. Plaintiff alleges that Dr. Ghotra, Dr. Luga, and Dr. Toor were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

As discussed in greater detail below, Plaintiff was previously given the applicable standards for the claims asserted in this action and informed of deficiencies in his factual allegations. Despite this, the First Amended Complaint is exceedingly similar to and suffers from the same defects as the original Complaint. It thus appears that Plaintiff is unable to state a cognizable claim and so as not to encourage fabrication, this action should be dismissed with prejudice.

### D. **Pleading Requirements**

#### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally

3

and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### E. Legal Standards

#### 1. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Even leniently construed, the Court is unable to define what condition it is that Plaintiff is alleging equates to a serious medical need. Plaintiff must clearly state what medical condition he believes was wrongly treated or ignored which is the basis for his claim against each named defendant.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett,* 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations show that either Dr. Ghotra misread the x-ray of Plaintiff's tooth, or she relied on someone else's errant interpretation of it, which at most this may equate to medical malpractice, but is not cognizable under § 1983. "Medical malpractice does not become a

5

constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1977); *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). Even though Plaintiff alleges he was in extreme pain when Dr. Ghotra tapped on his tooth, if she believed the x-ray results proved there was nothing wrong with Plaintiff's tooth, her action of telling Plaintiff it was fine and that his pain would go away is at most negligence and not actionable. An Eighth Amendment claim may not be premised on even gross negligence by a physician. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Moreover, to the extent that Plaintiff feels Dr. Luga should have prescribed different antibiotic, or something to protect Plaintiff's stomach from the antibiotics after removing the infected tooth, Plaintiff fails to show what basis existed for Dr. Luga to have known that he prescribed medication Plaintiff was allergic to or that Dr. Luga knew that Plaintiff had gastrointestinal disease processes which required extra care when antibiotics are prescribed. At the end of his allegations against Dr. Luga, Plaintiff alleges that "Dr. Luga failed to acknowledge the fact that I have allergic reactions to certain medications; but, still issued those medications that put my health and welfare at great risk. Dr. Luga deviated from set protocols that every physician or dentist has to follow prior to prescribing and/or administering medication to a patient." (Doc. 9, p. 7.) Such general allegations "are 'merely consistent with' a defendant's liability" and fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. At most, Plaintiff's allegations that Dr. Luga should have prescribed him different and/or additional medications equates to a difference of opinion which does not amount to deliberate indifference. *See Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012).

Finally, Plaintiff's allegations against Dr. Toor are based on events that occurred between April 13, 2015 and May 11, 2016. (Doc. 9, pp. 7-11.) From Plaintiff's allegations, it is clear that during this time, Plaintiff had a myriad of symptoms from muscle spasms and weakness, eye twitching, chest/heart pain, heart pounding, difficulty sleeping, dizziness, and gastrointestinal problems from infections, to constipation, to diarrhea, to difficulty keeping food down, to bloody, odd colored stools, to allergic reactions. Plaintiff alleges that he had diarrhea ever since he "took

6

the antibiotics gave him prior to having dental work done." (*Id.*, p. 9.) However, it appears also that Dr. Toor ordered tests to attempt to find out what was wrong and/or ordered treatment most every time he saw Plaintiff. Plaintiff's chronology shows that he was also seeing other medical personnel (including other physicians) during this timeframe who were likewise unable to specifically identify and successfully treat Plaintiff's myriad of symptoms. While Plaintiff's allegations show that Dr. Toor was aware that Plaintiff had a serious medical need, none of the allegations show that Dr. Toor disregarded that risk and failed to take reasonable measures to abate it. *Farmer*, 511 U.S. at 835. Plaintiff also fails to show that he was harmed by any action or inaction attributable specifically to Dr. Toor as opposed to the other medical providers Plaintiff also saw during that time. The failure to follow normal protocols such as Plaintiff alleges against each of the three named defendants might amount to medical malpractice, but is not sufficient to show that they knew of a serious risk to Plaintiff and took contraindicated actions. Plaintiff fails to state a cognizable Eighth Amendment claim against Dr. Toor, Dr. Ghotra, or Dr. Luga for deliberate indifference to his serious medical needs.

## II. **CONCLUSION**

Plaintiff's First Amended Complaint fails to state any cognizable claims. Given that the First Amended Complaint suffers from the same defects as Plaintiff's original Complaint, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court **RECOMMENDS** that this entire action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 12, 2018**__                    __*/s/ Jennifer L. Thurston*__
UNITED STATES MAGISTRATE JUDGE